UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE J. GRAHAM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DUPONT DE NEMOURS, INC., *et al.*, <br><br> Defendants. | Case No. 2:24-cv-09444-FLA (SKx) <br><br> **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA OR THE EASTERN DISTRICT OF VIRGINIA** |

**ORDER**

On January 30, 2024, Plaintiffs Laurence J. Graham and Betty Patrick Graham ("Plaintiffs"), acting in *pro se*, filed a complaint in the San Francisco County Superior Court, requesting rescission of contracts and damages related to real properties allegedly located in Sussex and Dinwiddie Counties, Virginia. *Graham v. DuPont de Nemours, Inc.*, Case No. 3:24-cv-01551-RFL (N.D. Cal.), Dkt. 1 at 2.[1] On February 8, 2024, Plaintiffs filed an amended complaint naming additional entities as Defendants. *Id.* at 2, 12–46. On March 13, 2024, Defendant Iluka Resources, Inc. ("Ikura Resources") removed that action to the United States District Court for the Northern District of California, alleging diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1–6.

On September 30, 2024, Plaintiffs, acting in *pro se*, filed a substantially identical complaint in the Los Angeles County Superior Court against the same and additional Defendants, regarding the same real properties, and requesting the same relief as in the action before the Northern District of California. Dkt. 1-1 at 18–61. On October 31, 2024, Defendant Ikura Resources removed the subject action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court may "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

///

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed in documents natively.

2

Because Plaintiffs filed a duplicative action that is pending currently before the Northern District of California, prior to filing the subject action before this court, the court ORDERS the parties to Show Cause ("OSC") in writing, within seven (7) days of this Order, why the action should not be transferred to the Northern District of California or to the Eastern District of Virginia, where the properties are purportedly located. The parties may file one brief per side, which shall not exceed 15 pages per brief. Failure to respond timely shall result in the transfer of this action without further notice from the court.

IT IS SO ORDERED.

Dated: January 15, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge