JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE J. GRAHAM, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>DUPONT DE NEMOURS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-09444-FLA (SKx)<br><br>**ORDER GRANTING MOTIONS TO DISMISS COMPLAINT, DISCHARGING ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED, AND DENYING MOTIONS TO REMAND [DKTS. 11, 12, 13, 14, 18, 24, 25, 28, 58, 92, 96, 115, 132, 170, 267, 274, 283, 287, 292, 295]** |

# **ORDER**

Before the court are several motions to dismiss the Complaint by the defendants in this action[1] (collectively, the "Motions"). Dkts. 11, 12, 13, 14, 18, 24, 25, 28, 58, 92, 96, 115, 132, 170, 267, 283, 292. Plaintiffs in *pro se* Laurence J. Graham and Betty Patrick Graham (together, "Plaintiffs") oppose the Motions. Dkts. 158, 159, 160, 161, 162, 272, 286, 298. The court, to the extent it has not already done so, finds these matters appropriate for resolution without oral argument and VACATES the hearings thereon. Dkts. 285, 289, 296, 300; Fed. R. Civ. P. 78(b); Local Rule 7-15.

On January 15, 2025, the court ordered the parties to show cause ("OSC") why the action should not be transferred to the Northern District of California ("NDCA") because this action appeared duplicative of an action brought by Plaintiffs in the NDCA, or to the Eastern District of Virginia ("EDVA") because the instant dispute arises from mining properties which appear to be in the EDVA. Dkt. 274. Two responses were filed. Dkts. 279, 281.

Also before the court are Plaintiffs' motions to remand ("Remand Motions"), Dkts. 287, 295, filed on January 29, 2025, and January 31, 2025, respectively.

For the reasons stated herein, the court GRANTS the Motions, DISMISSES the Complaint without leave to amend, DISCHARGES the OSC, and DENIES the Remand Motions.

///

///

---

[1] The defendants are: DuPont de Nemours, Inc.; The Dow Chemical Company; Dow, Inc.; Corteva, Inc.; The Chemours Company; Iluka Resources, Inc.; Iluka Resources Limited; Tronox Limited; Tronox, LLC; Tronox Holdings plc; Huntsman Corporation; Kronos, Inc.; Kronos Worldwide, Inc.; Titanium Metals Corporation; Precision Castparts Corp.; Venator Materials, LLC; Venator Materials, plc; Occidental Petroleum Corporation; Ineos Limited; Ineos Pigments USA Inc.; Ineos Enterprises, LLC; INEOS Joliet US Holdco, LLC; Kinder Morgan, Inc.; Hunton Andrews Kurth LLP; National Industrialization Company; and JM Eagle.

## BACKGROUND

This action arises from 10 leases to mine mineral sands in Virginia. Dkt. 1-1 at CM/ECF Page Nos. 18–61 ("Compl."); Dkt. 12 at 2–7. The leases were entered into between Plaintiffs' ancestors and Iluka Resources, Inc.'s ("Iluka") predecessor-in-interest in the late 1980s and early 1990s. *See* Compl. ¶¶ 3–5. Plaintiffs' ancestors assigned their rights to royalties under the leases to their three daughters, including a one-third interest to Plaintiff Betty Graham. *Id.* The other two daughters do not assert claims in this action.

In their Complaint, filed in the Los Angeles County Superior Court on September 30, 2024, Plaintiffs allege defendants engaged in a fraudulent price-fixing scheme to deprive Plaintiffs and their family of fair and equitable consideration under the leases. *See generally* Compl. Plaintiffs seek relief under Cal. Civ. Code § 1692 for rescission of the ten mining leases, based on defendants' alleged breaches of fiduciary duties, and $22,418,100,000 (*i.e.*, $22.4181 billion) in damages. *Id.* ¶ 95; Dkt. 286 at 2 (Plaintiffs: "our LA complaint is an action for relief by jury trial to recover the value of personal property plus punitive damages for the portion of ten mining leases that we rescinded based on breaches of fiduciary duties by Iluka that were aided and abetted by the other defendants that are not in contractual privity with plaintiffs."). The action was removed to this court on December 31, 2024. Dkt. 1.

Before filing the Complaint, on January 30, 2024, Plaintiffs filed a near-identical action in the San Francisco County Superior Court that was removed to the NDCA on March 13, 2024. *Laurence J. Graham, et al., v. DuPont de Nemours, Inc., et al*, Case No. 3:24-cv-01551-RFL ("NDCA Action"), Dkt. 1.

The Motions seek dismissal of the Complaint based on, *inter alia*, improper claim splitting, as this action and the NDCA Action involve "identical causes of action" arising out of the same dispute over the mining leases. Dkt. 267 at 1–2. According to defendants, "Plaintiffs unsuccessfully challenged removal in [the NDCA Action] and, by filing the instant action, Plaintiffs are plainly attempting to take

another bite at the apple in a different court." *Id.*; *see also, e.g.*, Dkt. 12 at 1, 7–10 ("Unsatisfied with the outcomes in the [NDCA] Action—and in a plain attempt to defeat diversity jurisdiction—[Plaintiffs] pasted their allegations into a new complaint, added some sham defendants to try to defeat diversity, drove down Interstate 5, and filed an almost identical action in Los Angeles County.").

## **DISCUSSION**

"The doctrine of claim-splitting is the notion that a party is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *Cook v. C.R. England, Inc.*, Case No. 12-cv-03515-GW (CWx), 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (internal quotation marks omitted) (citing *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894); *Stark v. Starr*, 94 U.S. 477, 482 (1876)). The ultimate objectives of the rule are "to protect the defendant from being harassed by repetitive actions based on the same claim" and promote judicial economy and convenience. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995); Restatement (Second) of Judgments § 24. The rule also "exists to allow district courts to manage their docket." *Wyles v. Sussman*, 661 F. App'x 548, 550 (10th Cir. 2016).

The issue, here, is whether the claim splitting doctrine applies to duplicative actions pending in different federal courts. In *Adams v. California Department of Health Services*, the Ninth Circuit stated a repetitive action may be dismissed for improper claim splitting if brought in the "same court" as the prior action. 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the *same court* and against the same defendant.") (emphasis added) (citations and internal quotations marks omitted). The plaintiff in *Adams* filed an action the Central District of California and, when the

court denied the plaintiff's untimely motion for leave to amend her complaint, filed a repetitive action in the same court "in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial." 487 F.3d at 688. The court dismissed with prejudice the subsequent action for improper claim splitting, and the Ninth Circuit affirmed. *Id.* at 688–94. *Adams*, thus, did not address squarely whether the claim splitting doctrine applies to duplicative actions pending in different federal district courts.

However, like *Adams*, it appears that most of the cases addressing claim splitting involve two suits pending in the same federal district court, including the case relied on by the defendants here, *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058–65 (S.D. Cal. 2007) (dismissing defendant's subsequent action after denying defendant's leave to file amended counterclaim in prior action); *see also, e.g.*, *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 885–86 (9th Cir. 2022); *Gonzalez v. US Hum. Rts. Network Inc.*, Case No. 21-cv-01459-PHX (DWLx), 2022 WL 3575305, at *1–3 (D. Ariz. July 21, 2022); *Cook*, 2012 WL 2373258, at *1–2. Further, it is clear the claim splitting doctrine does not apply when one action is in state court and the other in federal court. *Sanzaro v. Ardiente Homeowners Ass'n LLC*, 513 F. App'x 646, 647 (9th Cir. 2013); *Martinez v. Arts & Scis. Dep't*, Case No. 2:23-cv-01912-FLA (MARx), 2024 WL 1244317, at *3 (C.D. Cal. Mar. 19, 2024) (collecting cases).

Additionally, some courts have reasoned that the "first-to-file rule applies when considering whether to dismiss or stay in light of a duplicative federal case, whereas the *Colorado River* abstention doctrine governs the decision to abstain in light of a parallel state court case." *Castillo v. Target Corp.*, Case No. 20-cv-09367-DMG (AGRx), 2021 WL 4057528, at *1 (C.D. Cal. May 20, 2021) (emphases removed) (citation omitted); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The first-to-file rule, however, arises when *different* parties file lawsuits in different courts regarding the same claim, rather than, like here,

when the same party files the same claim in different courts. *See, e.g.*, *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1144–46 (E.D. Cal. 2010); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013).

In any case, *Colorado River* makes clear that a federal district court may dismiss an action to "avoid duplicative action." 424 U.S. at 817. Specifically, *Colorado River* explains that, "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Id*. (internal citations omitted) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952); *Steelman v. All Continent Corp.*, 301 U.S. 278 (1937); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 974–75 (9th Cir. 2011) ("[C]ourts usually avoid duplicative litigation when cases are pending in two different federal courts[.]") (emphasis removed) (citing *Colorado River*, 424 U.S. at 817); *Haytian Republic*, 154 U.S. at 123–24 (district court erred when it dismissed a successive lawsuit filed in the District of Oregon as duplicative of a pending lawsuit in the District of Washington because "the same rights [were not] asserted[,] and the claim of relief was not founded upon the same facts").

Here, dismissal is warranted pursuant to the rule against duplicative litigation in federal fora. *Colorado River*, 424 U.S. at 817; *see also Haytian Republic*, 154 U.S. at 125 ("When the pendency of [] a suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the

relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.") (cleaned up).[2]

Plaintiffs filed nearly identical complaints in this action and in the NDCA Action. *Compare* Compl. *with* NDCA Action, Dkt. 1, Ex. A. The only difference is that the instant Complaint adds three defendants: Hunton Andrews Kurth LLP ("Hunton"), the law firm representing Iluka in the NDCA Action; National Industrialization Company ("NIC"); and JM Eagle. Compl. at CM/ECF Page No. 21; Dkt. 92 at 1. Hunton and JM Eagle are purportedly California citizens, but otherwise no allegations address them, and Plaintiffs make it patently obvious they were joined

---

[2] *Colorado River* recognized that no "precise rule ha[d] evolved" regarding the prohibition against duplicative litigation in two federal fora, and that appears to remain true in the Ninth Circuit. 424 U.S. at 817; *cf. Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotations marks omitted). The policy reasons underlying the doctrine of claim splitting (*i.e.*, to protect defendants from harassment by repetitive actions and promote judicial economy and convenience) are equally applicable whether a plaintiff files a repetitive action in the same federal district court or a different one. *See Clements*, 69 F.3d at 328; Restatement (Second) of Judgments § 24. Additionally, the claim-splitting rule has been recognized as a method to prevent the duplicative litigation described in *Colorado River*. *Wyles*, 661 F. App'x at 551 ("Enforcing the claim splitting rule is one way a federal court avoids duplicative federal litigation [under *Colorado River*]."); *see also Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) ("[A] district court may stay or dismiss a suit that is duplicative of another federal court suit. … This rule, known as the rule against duplicative litigation, [is] sometimes termed the rule against claim-splitting ….") (cleaned up). Accordingly, it would be logical that the same test used for claim-splitting (*i.e.*, the four-factor claim preclusion test) would be used regarding repetitive actions pending in different federal district courts. *See Adams*, 487 F.3d at 688.

to defeat diversity jurisdiction.[3] *See* Compl. ¶ 6 ("Venue is also proper … because JM Eagle [] is a California citizen … and [Hunton] and Plaintiffs are also California citizens; therefore diversity jurisdiction does not exist."). Lastly, NIC is identified as a Saudi Arabian citizen in the caption[4], but is otherwise not addressed in the Complaint. *See generally* Compl.

Plaintiffs do not meaningfully challenge that the two actions are identical. *See, e.g.*, Dkt. 158 at 16–17 (arguing they are different because the leases and other related documents were not attached to the complaint in the NDCA Action). Plaintiffs' other arguments are meritless. *See, e.g.*, Dkt. 286 at 5–6 (arguing defendant Huntsman "does not have standing to allege prejudice by claim splitting because it did not appear in the [NDCA Action] although plaintiffs attempted to serve it by serving it [courtesy of] its subsidiary in [Los Angeles][.]").[5]

/ / /

/ / /

/ / /

---

[3] Plaintiffs' motions to remand are meritless for this reason, as Plaintiffs cannot defeat diversity jurisdiction by naming sham defendants. Dkts. 287, 295; *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

[4] The Complaint has two captions. Compl. at CM/ECF Pages Nos. 18–21.

[5] Alternatively, if the first-to-file rule applies here, dismissal is still warranted. "In applying the first-to-file rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Adoma*, 711 F. Supp. 2d at 1146 (internal quotation marks omitted) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)). District courts have "an ample degree of discretion" when evaluating these factors, and if the court determines the factors are met, it may transfer, stay, or dismiss the action. *Alltrade*, 946 F.2d at 622, 628. Here, all the factors are met, because the NDCA Action was filed first and the parties and issues are nearly identical. Under the circumstances of this case, the court finds dismissal more appropriate than a transfer or stay, as there is no point in transferring an identical action to NDCA, nor is there any reason to litigate this action after the NDCA Action concludes, as all claims and issues alleged here will have been resolved there.

**CONCLUSION**

For the foregoing reasons, the court GRANTS the Motions, DISCHARGES the OSC, DISMISSES the Complaint without leave to amend, and DENIES the Remand Motions. The clerk shall close this action administratively.

IT IS SO ORDERED.

Dated: February 11, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

9